

ORIGINAL

FILED

06/21/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0276

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0276

FILED

JUN 2 1 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF THE ESTATE OF
COLLEEN JOHNSON COOK a/k/a
COLLEEN PHILLIPS, Deceased.

ORDER

Appellee Pershing Phillips, the named Personal Representative of the Estate of Colleen Johnson Cook a/k/a Colleen Phillips, has moved to dismiss part of this appeal on grounds of untimeliness. Appellant Melanie J. Cook has responded in opposition to Phillips's motion to dismiss.

On May 25, 2022, Cook filed her Notice of Appeal in this Court in which she specified that she was appealing from two orders: Order Admitting 2021 Will to Probate, entered by the District Court on March 25, 2022; and Order Denying Motion for Relief, entered on May 23, 2022.

Phillips concedes that the appeal was timely filed as to the May 23, 2022 Order Denying Motion for Relief and this issue is properly before the Court. However, he asserts that the appeal of the March 25, 2022 Order Admitting 2021 Will to Probate should be dismissed as untimely as it was filed more than 30 days from the date of entry of that order.

Phillips relies on M. R. App. P. 6(4), which provides in relevant part, "In estate, guardianship, and probate matters, the following orders are considered final and must be appealed immediately, and failure to do so will result in waiver of the right to appeal: . . . (b) An order admitting or refusing to admit a will to probate . . . ." M. R. App. P. 4(5)(a) provides in relevant part that a notice of appeal shall be filed within 30 days from the date of entry of the order from which the appeal is taken. Phillips asserts that Cook waived her right to appeal from the March 25, 2022 Order Admitting 2021 Will to Probate when she failed to do so within 30 days of its entry.

Cook offers three reasons why she believes this Court should not grant Phillips's motion: (1) the Appellate Rules do not require piecemeal appeals; (2) the two orders from which she wishes to appeal are "intrinsically intertwined and indivisible"; and (3) M. R. App. P. 4(5)(a) provides that an appeal from one order or judgment calls into question "all previous orders and rulings excepted or objected to which led up to and resulted in the judgment." Cook further asserts that she did not need to specify every order to which she took exception in her Notice of Appeal and she should not be penalized with partial dismissal for doing so.

We agree with Phillips that Cook's attempt to appeal from the District Court's March 25, 2022 Order Admitting 2021 Will to Probate is untimely and partial dismissal is appropriate here. In *In re Guardianship & Conservatorship of A.M.M.*, 2015 MT 250, 380 Mont. 451, 356 P.3d 474, Timothy McCann appealed "numerous orders and judgments . . . in the guardianship and conservatorship proceedings" regarding his mother. *In re A.M.M.*, ¶ 2. Among other District Court rulings, McCann sought to challenge appointments the court had made on January 15 and February 6, 2014, including the appointments of a temporary guardian and conservator and a temporary visitor. *In re A.M.M.*, ¶ 22. Because these orders were immediately appealable under M. R. App. P 6(4)(a) and because McCann did not appeal from these orders within 30 days of their entry in the District Court, we held that his appeal from these orders was untimely. *In re A.M.M.*, ¶ 22. In *In re Estate of Dower*, 2021 MT 245, 405 Mont. 443, 495 P.3d 1083, Linda Dower appealed from specific rulings the District Court had made regarding her late husband's estate. Among the challenged rulings was the court's denial of Dower's motion to remove the Estate's Personal Representative. *In re Estate of Dower*, ¶ 30. We declined to address the merits of Dower's arguments on this issue because we determined it was not properly preserved for appeal as she had not filed a notice of appeal within 30 days from the date of the District Court's order denying her motion. We held that, under M. R. App. P. 4(5)(a) and 6(4)(a), she would have needed to appeal this order within 30 days of its entry in order. *In re Estate of Dower*, ¶ 32.

2

Likewise in the present case, Cook's appeal of the March 25, 2022 Order Admitting 2021 Will to Probate is untimely, as it was filed more than 30 days after the District Court entered that order—an immediately appealable order under M. R. App. P. 6(4). Cook is incorrect that dismissing this part of her appeal penalizes her for being specific in her Notice of Appeal; rather, it saves the parties from the effort of making substantive arguments in their respective appellate briefs when the issue is procedurally barred.

IT IS THEREFORE ORDERED that this appeal, as to the March 25, 2022 Order Admitting 2021 Will to Probate, is DISMISSED WITH PREJUDICE. This appeal as to the May 23, 2022 Order Denying Motion for Relief MAY PROCEED.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 21st day of June, 2022.

_____

_____

_____

_____

_____

Justices